FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 3 - 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT WILLIAMS,

        Plaintiff,

-against-

CITY UNIVERSITY OF NEW YORK,
BROOKLYN COLLEGE,

        Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**AMENDED MEMORANDUM &
ORDER**
13-cv-1055; 13-cv-2651; 13-cv-3618
(CBA) (LB)

AMON, Chief United States District Judge:

    Plaintiff Robert Williams filed three pro se actions against City University of New York, Brooklyn College ("CUNY"). On February 7, 2014, Magistrate Judge Bloom issued a Report and Recommendation (R&R) recommending that this Court find the actions in case numbers 13-cv-2651 and 13-cv-3618 barred by Title VI's three-year statute of limitations. The R&R proceeded to review all of Williams's claims on the merits and recommended that this Court grant defendant's motions to dismiss in all three actions. Finally, the R&R recommended issuing a filing injunction that would prevent Williams from bringing any further IFP proceedings against CUNY in this Court without first obtaining permission from this Court, and ordered Williams to show cause why such an injunction should not issue. Williams responded to the order to show cause and filed his timely objections on May 30, 2014.

    In a previously filed memorandum and order, this Court adopted the R&R in its entirety, directed the Clerk of Court to issue a filing injunction barring Williams from bringing any further IFP proceedings against CUNY without first obtaining permission from this Court, and denied Williams's request for a stay. This Court now files this amended opinion for the sole purpose of more specifically addressing Williams's request for a stay. The amended opinion

1

does not disturb this Court's previous decision to adopt the R&R, issue the filing injunction, and deny the stay.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). "[T]o the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) (internal quotation marks and alterations omitted); Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002). ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection" under the federal rules.). District courts need not consider arguments and factual assertions raised for the first time in an objection to a report and recommendation. Forman v. Artuz, 211 F. Supp. 2d 415, 418 n.8 (S.D.N.Y 2000); see also Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration" and it is within the "district court's discretion . . . to [refuse to] allow supplementation of the record." (internal quotation marks omitted)). If specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

(1) Motion to Dismiss

Williams raised multiple objections to the R&R, most of which repeated arguments made before the magistrate judge or consisted of general assertions that the magistrate judge erred. In addition, he asserted one new argument in support of his equitable tolling argument, an argument he could have raised before the magistrate judge. Although it is not clear that Williams's objections warrant de novo review, in an abundance of caution this Court considered Williams's newly raised equitable tolling argument, conducted a de novo review of the record and motions, and adopts Magistrate Judge Bloom's recommendation under this more stringent standard.

(2) Filing Injunction

Magistrate Judge Bloom recommended that this Court issue a filing injunction barring Williams from bringing any further IFP proceedings against CUNY without first obtaining permission for this Court, and ordered Williams to show cause why such an injunction should not issue. In response to the order to show cause Williams filed a short letter arguing that the R&R applied the wrong standard in recommending a filing injunction and contending that the injunction was improper in light of the fact that the three instant cases have not yet been dismissed.[1]

This Court adopts the R&R's recommendation. Restrictions on "future access to the judicial system" may be appropriate "[i]f a litigant has a history of filing vexatious, harassing or

---

[1] The full text of Williams's letter reads:
"The court has ordered me to respond to why a court injunction should not be granted pursuant to the defendants [sic] unsubstantiated request. I the plaintiff object to this Order for the following reasons;
  1. The injunction the court would like to impose is not based on the objected regulated elements the courts use to determine issuing a filing injunction.
  2. The above mentioned cases have not final orders, are pending and have not been deemed in accordance to the injunction elements.
  3. The reasons set forth in the plaintiffs [sic] Objections to Report and Recommendation.
Pursuant to the fact that it is obvious that this court has pre-determined it will issue an injunction Order for plaintiff to pay for any future actions against defendant, the court is saying you can bring as many valid lawsuits against defendant but the must be paid regardless of ability to pay."

3

duplicative lawsuits." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted). As Magistrate Judge Bloom noted, "Williams has filed three complaints in the past two years, two of which are time-barred, and all of which raise nearly identical claims to those previously dismissed by the Court." (R&R at 29.) Williams's repetitive and conclusory lawsuits alleging discrimination and/or retaliation against CUNY have involved five complaints, two amended complaints, and two appeals. His response to the order to show cause fails to call the R&R's recommendation into question.

(3) Motion to Stay Pending Appeal

After Magistrate Judge Bloom issued her R&R, Williams filed a motion seeking to have this Court recuse itself. This Court denied that motion. Williams now requests this Court stay all three actions pending appellate review of this Court's denial. An order denying a motion to recuse is ordinarily not appealable as a final judgment. "[I]t is a rare case when a district judge's denial of a motion to recuse is disturbed by an appellate court, and rarer still when such a denial is remedied on a petition for mandamus." In re Int'l Bus. Machs. Corp., 45 F.3d 641, 642 (2d Cir. 1995). A mandamus petition seeking disqualification "must satisfy an exacting standard" and must "demonstrate that the right to the writ is clear and indisputable." In re Aguinda, 241 F.3d 194, 202 (2d Cir. 2001). Williams's challenge to this Court's denial of his motion to recuse, whether treated as a petition for mandamus or construed as an interlocutory appeal, is unlikely to succeed and this Court denies his motion to stay the three instant actions.

## CONCLUSION

Accordingly, this Court adopts Magistrate Judge Bloom's R&R in its entirety. The Clerk of Court is directed to terminate all pending motions, enter judgment accordingly, and close the above-captioned cases. The Clerk of Court is further directed to issue a filing injunction barring

4

Williams from bringing any further IFP proceedings against CUNY without first obtaining permission from this Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      September 3, 2014

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge